UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN STARK,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Case No. 07-1967 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO DISMISS

Plaintiff brings this action against the United States ("Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, based on the alleged negligence of an agent of the United States Secret Service ("Agency" or "USSS") relating to an automobile accident with Plaintiff. Defendant hereby moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss the complaint for lack of jurisdiction over the subject matter of this action.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and attached exhibits. Because this is a dispositive motion, Defendant has not sought Plaintiff's consent. *See* L. Civ. R. 7(m).

Dated: January 4, 2008
      Washington, DC

                         Respectfully submitted,

                         _____
                         JEFFREY A. TAYLOR, D.C. BAR #498610
                         United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN STARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 07-1967 (RMC) |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

For the reasons stated below, Defendant United States ("Defendant") hereby respectfully moves, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), to dismiss the complaint ("Complaint") filed by Plaintiff Susan Stark ("Plaintiff") in this action.

## PRELIMINARY STATEMENT

Plaintiff purports to bring this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), based upon the alleged negligence of United States Secret Service ("Agency" or "USSS") Agent Kyle Norton. Specifically, Plaintiff alleges that on February 13, 2007, at approximately 6:45 a.m., she was struck by a USSS sports utility vehicle ("SUV") operated by Agent Norton while she was in a pedestrian crosswalk in the District of Columbia.

Without addressing the substance of Plaintiff's allegations, this action should be dismissed without prejudice as the Court does not have subject matter jurisdiction over this action. As described in detail below, Plaintiff filed this action one-day too early. Because the FTCA is a limited waiver of sovereign immunity, the Court does not have subject matter jurisdiction over actions that do not strictly comply with FTCA's express provisions, including

its filing requirements.  Although Defendant understands this defense to be of a hypertechnical nature and will likely result in dismissal of this action without prejudice, it is obligated to present this defense because it poses a defect in the Court's jurisdiction over this action, which may not be waived by the parties.

Accordingly, this action should be dismissed without prejudice.

## SUMMARY OF RELEVANT ALLEGATIONS[1] AND PROCEDURAL HISTORY

On February 13, 2007, at approximately 6:45 a.m., Plaintiff was struck by a USSS SUV (*i.e.*, an official government vehicle) operated by Agent Norton.  Compl. at ¶¶ 1, 9.  Shortly after the accident, emergency care units arrived on the scene, and subsequently transported Plaintiff to George Washington University Hospital for treatment.  *Id.* at ¶¶ 15, 16.  As a result of the accident, Plaintiff alleges that she underwent surgery, was forced to wear a cast for several months, sustained a partial permanent disability to her lower extremities, and incurred certain economic damages.  *Id.* at ¶¶ 16-20.

On April 30, 2007, Plaintiff's attorney sent by U.S. Certified Mail, Return Receipt Requested, an Administrative Claim and cover letter to Special Agent Laurinda Lotts of the USSS concerning the aforementioned accident.  *See* Compl. at ¶ 29, Ex. A; Letter from Shaibani to Lotts of 04/30/2007 without attachment, attached hereto at Ex. 1 ("Attached Ex. 1").  As indicated by Exhibit B to the Complaint, this Administrative Claim was delivered to the USSS

---

[1]    When resolving a Rule 12(b)(1) motion a court must give plaintiff's allegations closer scrutiny than when resolving a Rule 12(b)(6) motion and may consider materials outside the complaint. *Bender v. Jordan*, --- F. Supp. 2d. ---, 2007 WL 4268766, at *4 (D.D.C. Dec. 6, 2007) (Collyer, J.).  Nearly all the elements necessary for this Motion, however, are alleged by Plaintiff in her Complaint or contained in exhibits attached thereto.  Accordingly, unless otherwise indicated or supported by citation to materials outside the complaint, Defendant assumes the validity of the allegations contained in the Complaint and exhibits attached thereto solely for purposes of this motion.

Communications Center mailroom (the "USSS Mailroom") on May 2, 2007.  *See* Compl. at Ex. B; USPS Track & Confirm Information, Attached Ex. 2.[2]  Subsequently on October 15, 2007, Plaintiff's attorney sent a "supplement" to Plaintiff's Administrative Claim to Special Agent Lotts.  *See* Compl. at ¶ 29, Ex. C.

On November 1, 2007, five months and 30 days after the USSS Mailroom received Plaintiff's Administrative Claim, Plaintiff filed this action before the Agency issued a final denial of such claim.  *See* Docket at Entry No. 1.  Subsequently, on November 2, 2007, six months after Plaintiff's Administrative Claim was delivered to the USSS Mailroom, the USSS issued a final denial of such claim by registered mail.  *See* Letter from Nagel to Shaibani of 11/02/2007, Attached Ex. 4.

As explained in greater detail below, because Plaintiff filed her complaint before the final denial was issued and before six months had lapsed since USSS received the Administrative Claim, the Court lacks subject matter jurisdiction over this action.

## ARGUMENT

Motions to dismiss premised upon a lack of subject matter jurisdiction are governed by Rule 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1).  As this Court has observed, the framework for evaluating such motions is as follows:

> Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction. Because subject-matter jurisdiction is an Art. III as well as a statutory requirement, no action of the parties can confer subject-

---

[2]    Attached Exhibit 2 was retrieved on January 4, 2008, by the undersigned defense counsel from the "Track & Confirm" page located at http://www.usps.com (*i.e.*, the United States Postal Service's homepage) by inputting the Article Number indicated on the Certified Mail Receipt and Domestic Return Receipt included at Exhibit B to the Complaint.  *See* Compl. at Ex. B.  This retrieval method is one of various methods the United States Postal Service provides for customers to confirm delivery of their shipments.  *See* USPS "A Customer's Guide to Mailing" at 3, Attached Ex. 3 (retrieved as indicated by undersigned counsel from http://www.usps.com).

> matter jurisdiction upon a federal court.  On a motion to dismiss
> for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1),
> the plaintiff bears the burden of establishing that the court has
> subject-matter jurisdiction.

*Bender*, 2007 WL 4268766, at *4 (citations and internal quotation marks omitted).  For the

reasons stated below, it is clear that Plaintiff cannot meet her burden of establishing that this

Court has subject matter jurisdiction over this action.

## I.      THE FTCA'S ADMINSITRATIVE FRAMEWORK.

A plaintiff seeking to bring an action under the FTCA must first pursue an administrative

process with the relevant agency.   In relevant part, 28 U.S.C. § 2675(a) provides as follows:

> An action shall not be instituted upon a claim against the United
> States for money damages for . . . personal injury or death caused
> by the negligent or wrongful act or omission of any employee of
> the Government while acting within the scope of his office or
> employment, unless the claimant shall have first presented the
> claim to the appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent by certified
> or registered mail. The failure of an agency to make final
> disposition of a claim within six months after it is filed shall, at the
> option of the claimant any time thereafter, be deemed a final denial
> of the claim for purposes of this section.

28 U.S.C. § 2675(a).  "For purposes of the provisions of [28 U.S.C. § 2675], a claim shall be

deemed to have been presented when a federal agency *receives* from a claimant, his duly

authorized agent or legal representative" a written administrative claim.  28 C.F.R. § 14.2 (a)

(emphasis added).  Additionally, when an administrative claim is subsequently amended, the six-

month "clock" is reset and the claim is not deemed denied until six months after the date of the

amendment.  28 C.F.R. § 14.2(c).

**II.    A FAILURE TO COMPLY WITH THE FTCA'S ADMINISTRATIVE FRAMEWORK DEPRIVES A COURT OF SUBJECT MATTER JURISDICTION.**

The FTCA constitutes a limited waiver of the United States' sovereign immunity when a claimant/plaintiff fulfills the requirements of the act. *Hurt v. U.S. Marshals Service*, 210 Fed. Appx. 13, 2006 WL 3835763, at *1 (D.C. Cir. Dec. 22, 2006) ("Although the Federal Tort Claims Act constitutes a limited waiver of the United States' sovereign immunity, the district court correctly held that appellant failed to meet the jurisdictional prerequisite of filing an administrative complaint with the appropriate agency before filing suit in the district court."). Accordingly, the administrative requirements of the FTCA are jurisdictional. *See Singh v. S. Asian Society of George Wash. Univ.*, Civ. A. No. 06-0574 (RMC), 2007 WL 1521050, at *7 (D.D.C. May 21, 2007), *citing Simpkins v. D.C. Gov't,* 108 F.3d 366, 371 (D.C. Cir. 1997). That is, "a district court has no jurisdiction over claims that have not been exhausted." *Id.* Indeed, a court does not have jurisdiction over FTCA actions that are filed before the issuance of a final agency denial or before six months have lapsed from the date the agency receives the relevant administrative claim. *McNeil v. United States*, 508 U.S. 106, 112 (1993) (affirming dismissal of prematurely filed complaint, holding: "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. . . .  The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.").[3]

---

[3]     Additionally, Plaintiff cannot cure this jurisdictional defect by merely amending her complaint. *Johnson v. Allen*, No. Civ. A. 04-0316(GK), 2005 WL 607911, *2 (D.D.C. Mar. 14, 2005) (dismissing action as premature

- 5 -

## III.    THE COURT LACKS JURISDICTION OVER THIS ACTION.

When the aforementioned law is applied to this action, it is clear that the Court lacks jurisdiction of this action.    As noted above, the USSS Mailroom received Plaintiff's Administrative Claim on May 2, 2007.  Plaintiff then filed her Complaint on November 1, 2007, before the agency issued its final denial of her claim.  Even if May 2, 2007, is the operative "receipt date" for Plaintiff's Administrative Claim,[4] her November 1, 2007, Complaint was premature as it was filed less than six months after such date.  Accordingly, this action must be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, Defendant respectfully asks this Court to dismiss the Complaint without prejudice.

Dated: January 4, 2008
          Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

under FTCA, and holding "[t]his defect cannot be cured by amendment of the complaint at a later date.  'Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.'"), *quoting Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999).

[4]    Although unnecessary for purposes of this Motion, it is unclear whether Plaintiff's October 15, 2007, "supplement" was an amendment of her Administrative Claim, which would serve to restart the six-month "clock," or whether receipt by the USSS Mailroom (as opposed to receipt by the Special Agent assigned to Plaintiff's case) sets the operative receipt date for Plaintiff's initial Administrative Claim.

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

- 7 -

# EXHIBIT 1

## LITIGATION ASSOCIATE, PLLC

CONNECTICUT BUILDING, NINTH FLOOR, 1150 CONNECTICUT AVENUE, NW, WASHINGTON, DC 20036
TELEPHONE: (202) 862-4335
FAX: (202) 828-4130

**By Certified Mail, Return Receipt Requested**                    April 30, 2007
U.S. Secret Service
Communications Center / WFO
ATTN: Special Agent Laurinda Lotts
P.O. Box 6500
Springfield, VA 22150
Tel: 202-406-8210
Fax: 202-406-8703

**Re:    Administrative Claim for Personal Injuries Sustained by Susan Stark
U.S. Secret Service File No. 115-809-83237-S**

Dear Ms. Lotts:

We represent Susan Stark in connection with personal injuries she sustained as a result of the pedestrian accident dated February 13, 2007. As you may know, Susan Stark was run over and severely injured by a U.S. Secret Service SUV driven by Kyle Norton on February 13, 2007. The collision occurred while Ms. Stark was walking on the pedestrian crosswalk at the intersection of 17th Street and Pennsylvania Avenue, NW in front of the Executive Office Building in Washington, DC. Ms. Stark's traffic light was green when she began crossing the Street, and she had the right of way throughout.

This is an administrative claim for $2,600,000 for personal injuries sustained by Susan Stark on February 13, 2007 as a result of the collision of a U.S. Secret Service SUV driven by Kyle Norton against Ms. Stark when she was crossing the pedestrian crosswalk on 17th Street toward the Executive Office Building at the intersection of Pennsylvania Avenue, NW. Ms. Stark's injuries include but are not limited to permanent injuries to her right leg, head injuries, cognitive injuries, scars on her forehead and legs, as well as emotional injuries. Ms. Stark is seeking damages for permanent disability and personal injuries, economic damages for past and future lost wages and earning potential, pain and suffering, emotional damages, special damages, as well as anticipated future medical expenses pursuant to a life-care plan.

Attached is the FORM 95 executed by Susan Stark, along with copies of the Metropolitan Police Report for the accident, medical records from GWU Hospital, itemized list of medical expenses from GWU Hospital, as well as letter from the District of Columbia Adjudication Services dismissing the ticket issued to Susan Stark.

Please advise us of the U.S. Secret Service's decision concerning Susan Stark's administrative claim at your earliest convenience. I can be reached at 202-862-4335.

Very truly yours,

Stefan Shaibani

**Cc: Susan Stark**

# EXHIBIT
# 2

 **UNITED STATES POSTAL SERVICE**®

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 2150 0000 7435 6554**
Status: **Delivered**

Your item was delivered at 11:43 am on May 02, 2007 in SPRINGFIELD, VA 22150. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)     ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

---

Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

**Copyright© 1999-2007 USPS. All Rights Reserved.**     No FEAR Act EEO Data     FOIA     

# EXHIBIT
# 3

http://pe.usps.com/text/dmm100/sending.htm



UNITED STATES
POSTAL SERVICE®

USPS Home | Postal Explorer Home

Postal Explorer Home


Search

A Customer's Guide to
Mailing

Introduction

What Are You Mailing

Choosing a Service for Mailing

Adding Extra Services

Examples of Smart Choices

Addressing Your Mail

Preparing Packages

Sending and Receiving Mail

Postage Rates

Other Products and Services

Tips for Frequent Mailers and
Small Businesses

Printer Friendly PDF

▶ **Sending and Receiving Mail**

Here are some useful mailing hints for senders and recipients.

**Sending Mail**
You can send mail by:

- Dropping it into a blue collection box.
- Leaving it in your home mailbox.
- Taking it to a Post Office.

Priority Mail and International Mail packages that weigh one pound or more that are affixed with postage stamps must be handed to your letter carrier or to a Retail associate at a Post Office. Many locations are open late on Saturday. Some locations are open on Sunday.

**Scheduling a Pickup**
Whether it's Carrier Pickup™ or time-specific Pickup On Demand Service®, USPS Pickup Options make shipping your packages quick and convenient.

Carrier Pickup is the easy, convenient way to send packages. Just submit your request online and have your Priority Mail, Express Mail or International package, with postage affixed, ready before your carrier arrives. It's that simple!

Pickup On Demand Service allows you to schedule time-specific pickups within a 2-hour time frame. A letter carrier will make a special trip to your home for a fee of $14.25, to pick up Priority Mail, Express Mail, or Parcel Post packages that have postage affixed. There is no additional charge for picking up multiple pieces of mail. Visit www.usps.com/pickup or call 1-800-222-1811 for additional information or to schedule a pickup.

**Holding Mail**
If you plan to be out of town on business or vacation, you may want to temporarily stop delivery of your mail. To have the Postal Service hold your mail up to 30 days, visit USPS Homepage, call 1-800-ASK-USPS, or fill out a "Hold Mail" form at the Post Office. When you return, you can either pick up your mail from the Post Office or have it delivered to your home.

1/4/2008

## Change of Address and Mail Forwarding

Before you move, get a copy of the Mover's Guide from your Post Office and return the completed form to your letter carrier or your Post Office. The Mover's Guide includes post-cards to help you contact banks, utility companies, and magazine publishers with your new address. You can also save a trip to the Post Office by visiting www.usps.com to change your address online. Fast and easy—takes less than five minutes.

Notify your Post Office at least one month before you move to ensure uninterrupted mail service. Express Mail, Priority Mail, and First-Class Mail will be forwarded at no charge for one year. Magazines and newspapers will be forwarded for 60 days.

### Premium Forwarding Service

Going away for a while? Have all your mail sent to you at your temporary location. Premium Forwarding Service (PFS) is a domestic service that forwards ALL of your mail from your permanent address to a temporary address.

Your mail will be forwarded to you on a weekly basis for a minimum of two weeks up to one year. You do not miss important mail while you are away—all your mail reaches you. One flat fee for each weekly Priority Mail shipment plus an application fee.

If you are a snowbird, college student, executive, individual with an extended family care situation, or away on extended vacation, all are possible candidates for Premium Forwarding Service.

Never again miss a mail delivery when you're away from home. It is easy to enroll in Premium Forwarding Service. Visit your local Post Office to enroll.

### Signing for Mail

Some pieces of mail require a signature from the recipient at the time of delivery. This includes items sent with Express Mail, Certified Mail, COD, Insured Mail (over $200), Registered Mail, Return Receipt, and Signature Confirmation.

### Recipient Responsibilities

When you sign for a piece of mail, you acknowledge delivery. The Postal Service's liability ends when you sign for the mail. You may ask the letter carrier for the sender's name and address before you accept the mail. You may not open the mail, but you may look at it as long as the letter carrier is holding it before you choose to sign for it.

### Delivery If Recipient Is Not Home

If no one is home when the letter carrier attempts delivery, the letter carrier will leave a notice and return the item to the Post Office. Check the notice for specific instructions or call 1-800-222-1811 to have the mail redelivered. If the sender has not asked for Restricted Delivery, the carrier may deliver the mail to anyone who receives mail at that address.

**Confirming Delivery**
Visit Track and Confirm or call 1-800-222-1811 to get delivery information on Express Mail and mail with extra services. You will need the item number from your mailing receipt or label.

**Restricting Delivery**
Restricted Delivery service ensures that only a specified person (or the person's authorized agent) will receive a piece of mail. This service costs $4.10. Restricted Delivery is available only if you also purchase Certified Mail, Insured Mail (for more than $200 coverage), COD, or Registered Mail.

**Filing a Claim**
You can file a claim for compensation for loss or damage of Insured Mail, Registered Mail, and Express Mail. Take the damaged item and proof of its value along with the original box and packaging materials and the original mailing receipt to any Post Office. A clerk will help you file your claim.

**Perishable Items**
Some items require special packaging or special permission to be mailed. Call 1-800-ASK-USPS or visit your Post Office to find out how to mail these items:

- Live animals
- Fresh fruits and vegetables
- Plants

**Keep the Mail Safe: Hazardous and Restricted Materials**
Some things cannot be mailed or can be mailed only in small quantities for safety and legal reasons. Some items have restrictions on how they can be mailed, including:

- Aerosol cans
- Firearms
- Flammable materials
- Liquids and powders
- Lottery Tickets
- Poisons

Some items, however, are not permitted in the mail, including:

- Alcoholic beverages
- Ammunition
- Drug paraphernalia
- Fireworks and other explosives

Call 1-800-ASK-USPS or visit your Post Office if you have questions about the item you want to mail.

Copyright © 1999-2005 USPS. All Rights Reserved. Terms of Use  Privacy Policy  No FEAR Act EEO Data

**Postal Inspectors**
Preserving the Trust

**Inspector General**
Promoting Integrity

# EXHIBIT
# 4



U.S. Department of Homeland Security
UNITED STATES SECRET SERVICE

NOV 0 2 2007

**REGISTERED MAIL**

Stefan Shaibani, Esq.
Litigation Associates, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

      Re:    Motor Vehicle Accident on February 13, 2007
              Your Client: Susan Stark
              Our File Number: 115-809-83237-S

Dear Mr. Shaibani:

This office is in receipt of your October 15, 2007 letter and April 30, 2007 letter and attachments addressed to United States Secret Service (Secret Service) Special Agent Laurinda Lotts in connection with a claim for damages allegedly sustained in a motor vehicle-pedestrian accident on February 13, 2007, in Washington, D.C.

Please note, under the provisions of Title 28, United States Code, Sections 2672 and 2674, the United States is liable for damages caused by negligent or wrongful acts or omissions of an employee acting within the scope of his or her employment under circumstances where the United States, if a private person, would be liable.

Our investigation revealed no negligence or wrongful act or omission of an employee of the Secret Service; therefore, the Secret Service must deny your claim. As our investigation revealed and as indicated on the Traffic Accident Report, the accident took place north of the intersection of Pennsylvania Avenue and 17th Streets N.W., rather than at the intersection. Ms. Stark stepped out in front of the Secret Service vehicle from between two parked vehicles. The Secret Service driver was northbound on 17th Street, and as Ms. Stark stepped out, she was looking northbound in the process of drinking what appeared to be coffee. Please be advised that

if your client is dissatisfied with this denial letter, you may institute suit in the appropriate federal District Court under the Federal Tort Claims Act no later than six months from the date of this letter.

Sincerely,

Brian K. Nagel
Deputy Director

**RA 571 441 910 US**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN STARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. )<br>) | Civil Case No. 07-1967 (RMC) |

## **ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and for good cause shown, it is hereby:

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that this action is hereby dismissed without prejudice.

_____
Date

_____
ROSEMARY M. COLLYER
United States District Judge

Copies to Counsel of Record Via ECF